McLOUGHLIN, Judge ad hoc.
In the early morning of June 9, 1951 the Cadillac automobile, owned and driven by David A. Callender, collided with a Hudson automobile, belonging to and driven by B. J. Brissett (referred to through error in original pleadings as R. B. Brissett), causing damages to both automobiles. Callen-der’s car was repaired at an expense of $175.05, $125.05 of which was paid for by Commerce Insurance Company, the collision insurer of Callender. In conformity with the insurance policy, Callender sub-rogated $125.05 of his claim against Bris-sett to his insurer, and both Callender and the insurer filed this suit against Brissett, making claim against him for their respective losses in connection with the accident. Charged against Brissett in the suit are several specific acts of negligence. The defendant answered denying his negligence ■and claimed that the accident was caused solely and only by the' fault of Callender, •and in a ’reconventional demand defendant seeks recovery not only from Callender, but against the latter’s collision insurer, for the amount of the damage to his Hudson car, which is alleged to have been $165.
The lower court dismissed both the main and the ' reconventional ’ demands, and the whole matter is before us for decision by virtue of the appeal taken by the plaintiffs from the judgment and. defendant’s answer to the appeal. ■
Tulane Avenue is a boulevard running from the Mississippi River towards the lake, and South Claiborne Avenue is an extremely wide boulevard running from Canal Street to the upper limits of the city, intersecting Tulane Avenue at right angles. On each of the two boulevards are two lanes for traffic separated by a wide neutral ground.
Callender was driving up South Claiborne Avenue and brought his car to a stop before entering Tulane Avenue in obedience to a red traffic semaphore signal. When the green signal light appeared,,Cal-lender drove his automobile across the lower traffic lane of Tulane Avenue, across the neutral ground, and then turned left into the traffic lane on Tulane Avenue which is allocated for vehicular traffic moving in the direction of the river. Callender testified that after making the left-hand turn into Tulane Avenue, he was confronted by a red light facing traffic moving in the direction of the river, and that he brought his ¿utomobile to a stop in order to await a favorable green light. Callender states that there was another car stopped ahead of him, and that- when the green light appeared both he and the driver of the other car moved forward on Tulane Avenue. His story is that the car which preceded him safely crossed the lane on South Claiborne Avenue nearest the river, but that when he entered the lane and had preempted it, the automobile of Brissett, which was coming down South Claiborne Avenue and entered the intersection on a red light, crashed into the right side of his car.
Brissett in his testimony insists that when ■he drove out into the intersection of Tulane Avenue, he, did so on a green light, and that it was Callender who attempted to negotiate the crossing on a red or-unfavorable light.
In view of the irreconcilable conflict in the testimony of the two drivers, we must resort, in formulating an . opinion of the ■case, to the testimony of disinterested witnesses who appeared on both sides.
, Appearing for the plaintiffs was one Hypolite, who stated that he was an eyewitness to the accident. We can give no attention or respect whatsoever to Hypolite’s testimony for the reason that he appeared to be a badly confused witness, and we entertain doubt that he saw that which he attempted to testify about. A glaring inconsistency in his testimony is that he stated that Callender was not driving towards uptown on South Claiborne Avenue, but was moving towards Canal Street and made a right-hand turn into Tuláne Avenue. It is conceded by all parties that Callender was driving towards uptown and made á left-hand turn into Tulane Avenue.
Enola Tolliver also testified for the plaintiffs. This witness stated that she was standing on the neutral ground and saw the accident, and that Callender moved into the lane wherein the accident occurred oh a *877 green light. She also told that there was a car ahead of Callender’s automobile and that it safely crossed the intersecting lanes. Enola Tolliver further stated that Brissett turned right into Tulane Avenue and that his automobile contacted Callender’s car while Brissett was in the process of making a right-hand turn. At this point it may be stated that the righbhand turn made by Brissett into Tulane Avenue is explained. Brissett was driving down South Claiborne Avenue towards Canal Street, and that when the 'Callender car emerged out into the intersection, Brissett swerved to the right in the hope of avoiding a crash between the two cars.
The defendant and reconvenor produced as his disinterested witness, Joseph A. Brit-tingham, who is the operator of a bus of the New Orleans Public Service, Inc. Brit-tingham states that his bus was inbound on' Tulane Avenue, that is to say, in the direction of the business section, which was the same direction in which the Callender car was traveling when the Brissett car hit it. Brittingham states that he brought his bus to a stop on Tulane Avenue before reaching the uptown-bound lane of South Claiborne Avenue, and that while stopped, he both discharged and acquired passengers on-the 'bus. The witness states, that he saw the Callender car on Tulane Avenue a'nd that there were no other cars beyond the-•uptown-bound lane of South Claiborne Avenue, and that Callender started his car and attempted to cross the downtown-bound lane in the teeth of a red light. Britting-bam states that when the accident happened his bus was still stopped as a fed light faced him, and he was awaiting a favorable ■change in the semaphore signals.
Therefore, we must adopt either the testimony of the witnesses on one side of the ■case or on the other, for certainly both drivers could not have been favored by a green light at the moment the cars came together.
After carefully sifting the evidence, we have reached the conclusion that the testimony of Brittingham should be accepted as the truth. We say this for this reason: The witness was driving a passenger bus, and upon his prudence and attentiveness to this duty depended the safety of himself and his passengers. The witness states positively that after making the service stop before- reaching the intersection, his bus remained standing because he could not start forward on a red signal light. If this be so, it seems clear that Callender attempted to cross the downtown-bound lane of South Claiborne Avenue on the very light which faced Brittingham, and which Brittingham honored by permitting his bus to remain in a stationary position. It follows, therefore, that if Callender moved on an unfavorable signal light, the light showing for traffic on South Claiborne Avenue must have been green, and Brissett entered the intersection in accordance with the proper signal.
We do not know on what premise the trial judge dismissed both demands. There is no question of contributory negligence involved, the sole point at issue being which one of the drivers had the green light in his favor, for certainly both of them could not have had a favorable signal.
Under the circumstances of this- case, we • necessarily conclude that Brissett should be successful in his reconventional demand, as there is no dispute as to the amount of the damage sustained by his Hudson automobile. ....
However, -the recovery in reconvention should not run against both of the plaintiffs for the simple reason that the record is silent as to whether the 'Commerce Insurance Company is the liability insurer of Callender’s car. The record discloses that the policy covered Callender against damage caused to the Cadillac by virtue of collision and nothing appears,or tends to show that the policy extended liability coverage.
Therefore, for the reasons assigned, the judgment appealed from insofar as it dismisses the reconventional demand against David A. Callender is concerned is reversed, and it is now ordered that the judgment be amended so as to allow B. J. Bris-sett, as plaintiff in reconvention, to recover from David A. Callender for the sum of $165, with legal interest from judicial de *878 mand until paid, and for all costs of the reconventional demand; and as thus amended and in all other respects the judgment is affirmed. The costs of this appeal are to be paid by David A. Callender.
Reversed in part. Affirmed in part.
JANVIER and REGAN, JJ., take no part.